TRUSTEES OF VAN METER TOWNSHIP, DALLAS COUNTY, et al., Appellees, v. W. C. HARKRADER et al., Appellants.

No. 45151.

AUGUST 6, 1940.

REHEARING DENIED NOVEMBER 22, 1940.

Charles I. Joy, for appellees.

R. R. Nesbitt, for appellants.

1230

BLISS, J.—The plaintiff Cadwell is the owner of Lots 17 and 18 in Section 4, Van Meter township in Dallas county. The three defendants are joint owners of Lots 15 and 16, in the same section, abutting upon and lying immediately north of plaintiff's lots. All of the lots are farm land. Some 12 or 16 years previous to the present controversy, when the land of defendants was owned by their father, J. R. Harkrader, he requested the then trustees to meet, hear, and determine, as between himself and Cadwell, what parts of the partition line fence between his Lot 16 and Cadwell's property each of them should construct and maintain. Such hearing was held, at which the elder Harkrader and his son, the defendant G. V. Harkrader, and Cadwell were present. The trustees by their decision, directed Cadwell to construct and maintain the west half of the fence, and directed J. R. Harkrader to do likewise with the east half. The elder Harkrader expressed his satisfaction with the order, and he and Cadwell constructed a "tight fence", within the provisions of what is now Code section 1848—a 26-inch woven wire with three strands of barbed wire above to the height of four feet. The trustees made a record of this fence view and of their decision, but apparently no recording of the decision was made in the county recorder's office. The records of the trustees were later placed in the county auditor's office, and could not be found at the time of this hearing. However all of the above-stated matters relative to the hearing were definitely established by the testimony of the trustees and their clerk at that time, and by the testimony of Cadwell, and W. C. and G. V. Harkrader.

About four years previous to the present controversy, the elder Harkrader deeded this property to the three defendants, jointly. The latter neglected to keep in repair the east half of the fence, and when Cadwell requested them to repair it, they told him to repair it himself, if he wished it repaired. He then sent them a similar request by registered mail, which mail they refused to accept. He then had a proper officer serve upon each of the defendants, about November 21, 1938, a written request and notice to repair. This writing referred

to the earlier hearing and decision of the trustees, and of their failure to comply with it, and demanded that they repair and make the east half of the fence hog-tight as provided by Code section 1848, and further stated that the notice was given under the authority of sections 1829 and 1837 of the Code, as well as the earlier order of the trustees. The defendants ignored the notice and did not make the repairs. On December 12, 1938, Cadwell filed with the township clerk a written request reciting in substance the facts stated above, and asking that the trustees take such steps as the provisions of Code chapter 88 required for a view and hearing on the matter. On December 16, 1938, the trustees served a proper notice on each of the defendants of such hearing to be held on December 29, 1938. On December 28, 1938, the defendants made special appearance to question the jurisdiction of the trustees upon the grounds: (1) That no written request had been made by Cadwell upon defendants as provided by law; (2) that the fence involved is a fence along a public highway. On December 29, 1938, the hearing was held, with the defendants appearing in person by W. C. Harkrader, and by their attorney, and the plaintiff Cadwell appearing personally. The trustees overruled the special appearance and found for Cadwell, and directed the defendants to make the requested repairs by February 1, 1939, and fixed the cost of the repairs at $30. The trustees had written notice of this proceeding and their decision served upon all of the defendants promptly. Defendants refused to comply and appealed to the district court. Under Code section 1851 such appeals are tried as are appeals from a justice of the peace. This one was so tried to the court, and the decision of the trustees was affirmed. The defendants raised numerous questions in the district court. A transcript of the proceedings before the trustees and their decision, the written request of Cadwell required by Code section 1829, all notices referred to above, were all introduced in evidence. It was stipulated that all notices had been served on all defendants, at the times noted in the returns of service. The district court found and held that the allegation of defendants that the fence in question

was not a line fence but was a fence abutting on a public highway was not established, and that defendants had failed to establish that the alleged road had ever been established, either through regular procedure, as prescribed by law, or by acquiescence, or acceptance or use, or by prescription. The court found that the alleged public road was but a private lane or driveway, extending west about 60 rods from a public north and south highway, abutting the defendants' property on the east, to the buildings on the defendants' land. The court further found that this private driveway was wholly on defendants' Lot 16, and that it existed and was used solely for the benefit of defendants. Considerable evidence was introduced which it would serve no purpose to set out. We have read the record carefully and it fully supports the findings and decision of the trial court.

No new principles of law are involved in the case, or were made the basis of the court's decision, and a discussion of questions of law raised is unnecessary.

We find no error in the proceedings, and the judgment appealed from is affirmed.—Affirmed.

RICHARDS, C. J., and MITCHELL, STIGER, SAGER, HAMILTON, OLIVER, HALE, and MILLER, JJ., concur.